**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOYCE BISCHOFF, | ) | No. 19 C |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THORNTON TOWNSHIP, | ) | |
| A Municipal Corporation and Body Politic, | ) | |
| Defendants. | ) | Jury Demanded. |

**COMPLAINT OF UNLAWFUL DISCRIMINATION IN EMPLOYMENT BASED ON AGE, RACE, AND UNLAWFUL RETALIATION IN VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967 (29 U.S.C. SECTION 623) AND TITLE VII OF CIVIL RIGHTS ACT OF 1964 (42 U.S.C. SECTION 2000e et seq.)**

Plaintiff JOYCE BISCHOFF complains of the Defendant THORNTON TOWNSHIP, A Municipal Corporation and Body Politic, as follows:

**Count I – Unlawful Age Discrimination in Employment**

1. Jurisdiction is based on Title 28 U.S.C. Section 1331, as this lawsuit invokes Title 29 U.S.C. Section 623(a) and Title 42 U.S.C. Section 2000e, which are statutes or laws of the United States of America.

2. Venue is appropriate before this Court, as all events transpired within the County of Cook, State of Illinois, and thus within the geographic expanse of this Court.

3. Plaintiff was on about January 13, 2016, and at all times from 2013 until June 20, 2017, an employee of Defendant THORNTON TOWNSHIP, a Municipal Corporation and Body Politic. (Defendant may be referred to sometimes herein as "Thornton").

4. Plaintiff was sixty-nine years of age on January 13, 2016, and turned age seventy years in

1

August 2016.  Plaintiff is female, and is white or Caucasian.

5.      Defendant Thornton employee Marcia Brown ("Brown") served as Plaintiff's immediate supervisor in January 2016.  Brown is Black, and is significantly younger than Plaintiff.

6.      Defendant Thornton employee Sandy Tracy ("Tracy") worked in Human Resources Department at Defendant Thornton from January 2016 through, upon information and belief, June 20, 2017.  Tracy is Black, and is significantly younger than Plaintiff.

7.      Plaintiff's job performance at all times relevant to this Complaint met and exceeded the reasonable expectations of Defendant Thornton.  Plaintiff was never culpable of any workplace infractions or misconduct in her employment by Defendant Thornton.

8.      On January 13, 2016, at a public event sponsored and conducted by Defendant Thornton, Plaintiff and her supervisor Brown were both employed and working within the scope and course of their agency and employment for Defendant Thornton.

9.      At that time and place, Brown grabbed Plaintiff by the arm, restrained Plaintiff,  and refused to let Plaintiff go free.

10.     Plaintiff verbally directed Brown multiple times to let her go, but Brown, who is 6'3" tall and is physically imposing and of an aggressive demeanor, refused to let go her grip and restraint of Plaintiff, eventually grabbing Plaintiff's free arm so that Brown maintained and restrained Plaintiff by a hand grip of both of Plaintiff's arms.

11.     Brown reproached and chastised Plaintiff during the time period that she restrained Plaintiff, accusing Plaintiff falsely of having committed an inconsequential social gaffe.

12.     Brown's physical restraint of Plaintiff restricted Plaintiff's freedom of movement and physically injured Plaintiff.  Brown's physical restraint of Plaintiff was unreasonable, hostile and violent, and was not prompted or caused by any act or omission properly attributable to Plaintiff.

13. Brown's restraint and imprisonment of Plaintiff violated Defendant Thornton's policy against Violence in the Workplace.

14 After several minutes of physically restraining Plaintiff, Brown let go her grip of Plaintiff and freed Plaintiff from her physical restraint. Brown did not attempt to ameliorate the conflagration, however, and stated to Plaintiff in a bellicose manner: "Let's take this outside to the parking lot." Fearing further battery, Plaintiff refused to accompany Brown to the parking lot, as she feared that Brown would again attempt to restrain and imprison her, or otherwise batter her.

15. Plaintiff reported Brown's conduct to Tracy and to Defendant Thornton. Defendant Thornton, upon information and belief, initiated an investigation into the incident.

16. In response to Defendant Thornton's purported investigation of the incident described above, Brown denied summarily any suggestion of wrongdoing. Tracy refused and failed to take appropriate corrective action, and Tracy and Thornton both instructed Plaintiff that Plaintiff must comply with all directives of Brown, simply because Brown is Plaintiff's supervisor.

17. Upon information and belief, Brown, Tracy and Defendant Thornton thereafter conspired to deprive Plaintiff of her employment, and to effect her suspension without pay and termination.

18. Defendant Thornton did suspend Plaintiff without pay in December, 2016.

19. On June 20, 2017, Defendant Thornton terminated Plaintiff's employment summarily.

20. Brown, Tracy and Defendant Thornton have failed and refused to redress the harm to Plaintiff from Defendant Brown's false arrest and detention of Plaintiff, and Defendant Thornton's suspension and termination of Plaintiff's employment by Thornton.

21. These incidents and events directly and proximately caused Plaintiff to experience extreme continuing emotional distress, and have proximately caused Plaintiff shame,

humiliation, embarrassment, and diminution of confidence and esteem reposed in her by her coworkers employed by Defendant Thornton.

22. The aforementioned incidents and events changed the conditions of Plaintiff's employment and work within Defendant Thornton. These events amount to violation of the Age Discrimination in Employment Act of 1967, Title 29 U.S.C. Section 623(a). ("ADEA").

23. These incidents and events directly and proximately caused Plaintiff substantial financial loss, in loss of earnings while Plaintiff was suspended without pay and ultimately terminated.

24. Plaintiff filed a charge with the Illinois Department of Human Rights ("IDHR"), cross-filed with the Equal Employment Opportunity Commission ("EEOC"), No. 440-2018-04593, on April 13, 2018. (Copies of the EEOC Charge, and the attendant Right-To-Sue letter, is attached as Group Exhibit 1 and made a part of this Complaint).

25. Plaintiff received from the EEOC a Right-To-Sue letter on March 21, 2019, dated March 18, 2019. (See Group Exhibit 1).

Wherefore, Plaintiff JOYCE BISCHOFF respectfully requests that she be awarded judgment in a sum in excess of $75,000.00 against Defendant THORNTON TOWNSHIP, A Municipal Corporation and Body Politic, plus court costs and reasonable attorney's fees and such further relief as the Court deems just.

Plaintiff demands trial by jury.

**Count II – Unlawful Race Discrimination in Employment**

26. – 50. Plaintiff repeats the allegations of paragraphs 1 through 25 as though fully set forth.

51. Similarly situated black or African-American employees of Defendant Thornton have not

4

been suspended or terminated as a consequence of being physically detained and restrained by their supervisors, or as a consequence of any ensuing investigation.

52.     These incidents and events directly and proximately caused Plaintiff to experience extreme continuing emotional distress, and have proximately caused Plaintiff shame, humiliation, embarrassment, and diminution of confidence and esteem reposed in her by her fellow Sergeants and Deputies Sheriff employed by CCSD.

53.     These incidents and events directly and proximately caused Plaintiff substantial financial loss, in loss of earnings while Plaintiff was suspended without pay and ultimately terminated.

54.     The aforementioned incidents and events changed the conditions of Plaintiff's employment and work within Defendant Thornton.

Wherefore, Plaintiff  JOYCE BISCHOFF respectfully requests that she be awarded judgment in a sum in excess of $75,000.00 against Defendant THORNTON TOWNSHIP, a Municipal Corporation and Body Politic, plus court costs and reasonable attorney's fees and such further relief as the Court deems just.

Plaintiff demands trial by jury.

**Count III – Unlawful Retaliation in Employment**

55 - 79.     Plaintiff repeats the allegations of paragraphs 1 through 25 as though fully set forth.

80.     Similarly situated Defendant Thornton employees who had not complained of discriminatory treatment against them resulting in a formal investigation have not been suspended without pay or terminated.

81.     These incidents and events directly and proximately caused Plaintiff to experience extreme continuing emotional distress, and have proximately caused Plaintiff shame,

humiliation, embarrassment, and diminution of confidence and esteem reposed in her by her co-workers employed by Defendant Thornton.

82. The aforementioned incidents and events changed the conditions of Plaintiff's employment and work within Defendant Thornton.

Wherefore, Plaintiff  JOYCE BISCHOFF respectfully requests that she be awarded judgment in a sum in excess of $75,000.00 against Defendant THORNTON TOWNSHIP, A Municipal Corporation and Body Politic, plus court costs and reasonable attorney's fees and such further relief as the Court deems just.

Plaintiff demands trial by jury.

Jury demanded.


Atty. No. 6201254                              JOYCE BISCHOFF,
Michael J. Greco
Attorney for Plaintiff
175 W. Jackson Blvd., Suite 240        By:__/S/_ Michael J. Greco ___
Chicago, Illinois  60604                        Michael J. Greco
312 222-0599                                      Attorney for Plaintiff
Email michaelgreco18@yahoo.com